IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ANTHONY FAULKNER,

    Petitioner,

v.                                                                    No. CV 15-0493 MCA/CEG

GERMAN FRANCO, Warden, and
HECTOR H. BALDERAS, New Mexico
Attorney General,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on John Anthony Faulkner's *Petition* brought pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody filed on June 10, 2015, and his numerous *Declarations*, (Docs. 1, 3, 18, 20, 21, & 22), (together the "Petition")[1]; Respondents' *Answer to* Pro Se *Petitioner John Anthony Faulkner's Petition for Relief for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]*, filed on August 6, 2015, (Doc. 13), with Respondents' *Notice of Errata* filed August 17, 2015, (Doc. 15) (together the "Answer"); Petitioner's *Writ to Grant Petitioner[']s Relief* filed August 20, 2015, (Doc. 14); and Respondents' *Response in Opposition to John Anthony Faulkner's* Writ to Grant Petitioner[']s Relief *[Doc. 14]* filed August 20, 2015. (Doc. 16).

Petitioner is in the custody of Respondent German Franco, Warden of the Penitentiary of New Mexico, and seeks federal habeas relief on the basis that his conviction was obtained in violation of federal law and the Constitution of the United States. (Doc. 1 at 1–15). Petitioner raises various claims for review under 28 U.S.C. §

---

[1] The Court construes these filings as requests to supplement the Petition, which will be granted because it is in the interest of justice to do so. The Court must construe the Petitioner's pleadings liberally because he is not represented by an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2254, including that he: (1) was deprived due process of law in violation of the Fourteenth Amendment; (2) received ineffective assistance of counsel; and (3) has been subject to cruel and unusual punishment in violation of the Eighth Amendment.

Respondents German Franco and Hector H. Balderas contend that Petitioner has not suffered a violation of any federal law or federal constitutional provision to mandate the granting of federal habeas relief. (Doc. 13). They also assert that certain claims in the Petition are unexhausted, but explain that they explicitly waive this argument in lieu of asking the Court to find that all of Petitioner's claims are plainly meritless and dismiss them with prejudice accordingly. (*Id.* at 8 n.4).

United States Chief District Judge M. Christina Armijo referred this case to this Court to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 4). Having reviewed the pleadings, the entire state court record, and relevant law, the Court recommends that the Petition be denied and dismissed with prejudice, and that a certificate of appealability also be denied.

**I.     Background**

On May 22, 2009, Petitioner was convicted of several criminal counts in two separate proceedings in the Fifth Judicial District Court of Eddy County ("state district court"). (Doc. 13-1, Exs. C & H). In Cause Number D-503-CR-200900024, Petitioner pled no contest to one count of third-degree aggravated battery against a household member, and one count of fourth-degree aggravated assault against a household member. (*Id.*, Ex. C). In exchange for Petitioner's plea of no contest, he was sentenced to a total concurrent term of four years of imprisonment. (Id., Ex. A at 1–2).

In Cause Number D-503-CR-200900026, Petitioner pled no contest to a third-degree felony offense of attempt to commit trafficking by manufacturing. (Doc. 13-1, Ex. H). He was sentenced to another four-year term of imprisonment for that count, to be served consecutively with the aforementioned term. (*Id.*, Exs. A & G).

Since both sentences were entered on July 2, 2009, and Petitioner did not pursue direct appeal in either matter, the judgments became final on August 3, 2009. Petitioner instead filed a state habeas petition in state district court in the assault and battery case only; the state habeas petition was docketed on June 10, 2010 by the state district court. (Doc. 13-1, Ex. D). Based on the administrative record of the state district court, it is not entirely clear what, if anything, became of that state habeas petition. (Doc. 13 at 2). The record shows that Petitioner subsequently filed two separate requests that the respondent in that case answer his state habeas petition. (Doc. 13-1, Exs. E & F). A handwritten notation on one of the requests indicates that the petition may have been denied. (*Id.*, Ex. F). Respondents, however, maintain that no order by the state district court exists in the record denying the petition. (Doc. 13 at 2).

On or around May 8, 2015, Petitioner filed for habeas relief for a second time with the state district court, this time seeking to challenge the convictions in both of the criminal cases. (Doc. 13-1, Ex. J). Petitioner alleged, inter alia, that: (i) since July 2005, he has been the subject of mental torture by the CIA; (ii) the CIA conspired to have him imprisoned; (iii) he pled no contest to the assault and battery charges under duress because the CIA was inflicting torture on him; (iv) that there was insufficient evidence to convict him of the assault and battery charges and that he did not actually commit those crimes, and his counsel should not have permitted him to plead no contest to those

counts; (v) conflicting testimony presented at a preliminary hearing in the attempted trafficking case required that the trafficking charge be dismissed. (*Id.*).

The state district court noted that Petitioner's complaints largely did not state grounds for habeas relief. (Doc. 13-1, Ex. K at 3). It found that "Petitioner state[d] nothing rationally based indicating any malfeasance or ineffective on the part of his counsel beginning from the time when charges were brought through change of plea and sentencing." (*Id.*). Moreover, it would not permit Petitioner to withdraw his pleas in the two cases because it would greatly prejudice the State since over six years had elapsed from the time the case was filed. (*Id.*). For those reasons, the second state habeas petition was denied on May 8, 2015. (*Id.*). Petitioner filed the Petition for habeas relief under 28 U.S.C. § 2254 approximately one month later.

## II.   Analysis

Petitioner claims that he is entitled to relief under 28 U.S.C. § 2254 because he: (i) was denied due process of law in violation of the Fourteenth Amendment in the assault and battery case and attempted trafficking case; (ii) he received ineffective assistance of counsel; and (iii) he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment since being incarcerated. Respondents maintain that Petitioner has failed to set forth any viable claims for habeas relief, and ask that this Court deny the Petition and dismiss all of his claims with prejudice.

As a preliminary matter, the Court recommends finding Petitioner's assertion that Respondents filed an untimely answer is without merit. (Doc. 14).[2] Because the Answer

---

[2] Though filed as a "Motion for Writ," this filing is directed at Respondents' Answer and the Court therefore construes it as a response.

4

was filed within the time frame allotted by the Court, (*see* Docs. 12, 13), Petitioner's assertion is flatly incorrect. *See* § 2254 Rule 5(a) ("The respondent is not required to answer the petition unless a judge so orders.") The Court therefore proceeds to the merits of Respondent's arguments.

### A.   Standard of Review

This Court's ability to consider collateral attacks of state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under 28 U.S.C. § 2254, district courts can "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).

If the petitioner's claims have been decided on the merits in state court proceedings, then the federal habeas court may only grant relief under two circumstances: (i) if the State court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (ii) if the State court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

However, "[t]hese AEDPA principles require a state decision on the merits to which the federal courts can defer."   *Revilla v. Gibson*, 283 F.3d 1203, 1210 (10th Cir. 2002) (citing 28 U.S.C. § 2254(d)). Therefore, "[i]f a claim was not resolved by the state courts on the merits and is not otherwise procedurally barred, our standard of review is more

searching . . . because § 2254(d)'s deferential standards of review do not apply . . . ." *Thacker v. Workman*, 678 F.3d 820, 829 (10th Cir. 2012).[3]

### B. Due Process

The Court reads Petitioner's due process claims as challenging: (1) the validity of his no contest pleas and (2) the sufficiency of the evidence to convict him.

#### 1. Validity of No Contest Plea

"'If a defendant's guilty plea or no contest plea is not . . . voluntary and knowing, it has been obtained in violation of due process and is therefore void.'" *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) (brackets omitted) (quoting *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5 (1969)). The test is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

Petitioner claims that "CIA agents tortured [him]/cause emotional distress until [he] plead [sic] no-contest." (Doc. 1 at 5). Petitioner makes repeated reference to a purported CIA conspiracy against him to support numerous claims, including his due process claim:

> The CIA acted like and or their agents were rapeing [sic] my wife[.] [T]hey followed me around and made me fight sometimes 3 agents sometimes 4 times a day even with a broken hand they said I had to do this to get my wife back and get a job driving a car for them (transportation) pippa-CR [sic]. They tortured my [sic] by intentionally inflection [sic] emotional distress and I made a no contest plea under duress.

---

[3] Although Petitioner's state habeas petition raised similar arguments to those presented here, Respondents neither cite to nor apply the deferential standard set forth in §2254(d). (*See generally* Doc. 13). However, whether § 2254(d) applies is immaterial because, under any standard, Petitioner's claims lack merit.

(Doc. 1 at 24).[4] These statements "either contain conclusory allegations or incomprehensible arguments, do not show a denial of any constitutional right, or are so unrelated to the charge on which he was convicted as to" warrant dismissal. *U.S. v. Wacker*, 98-3267, 173 F.3d 865, at *2 (10th Cir. Mar. 31, 1999) (unpublished) (affirming dismissal of a § 2255 petition and supplementary memorandum containing, among other things, "rambling and verbose allegations that the United States Code is not authorized by, nor is it a law of, Congress . . ."). In particular, they do not establish a factual basis demonstrating that Petitioner's decision to plead no contest to the charges against him did not represent a "voluntary and intelligent choice among . . . alternative courses of action . . . ." *Tovar Mendoza*, 620 F.3d at 1269.

  Although Petitioner's present belief in a CIA conspiracy against him raises concerns about his ability to enter into a knowing and voluntary plea, this issue was addressed at the state level before he entered his pleas. After defense counsel for Petitioner filed a motion raising concerns about Petitioner's competency, Petitioner was examined by psychologist Will Parsons, Ph.D. (Doc. 19-1 at 20–24; Doc. 19-3 at 18–20, 28). After the examination, the State and Petitioner through counsel stipulated to an order finding Petitioner was "competent to stand trial and/or enter a plea . . . ." (Doc. 19-1 at 24–25; Doc. 19-3 at 28–29).

  Moreover, at Petitioner's plea hearing, State District Judge Thomas Rutledge ascertained, among other things, that Petitioner understood the charges against him, the

---

[4] Although this statement occurs in the section of the Petition addressing Petitioner's request for relief under the Eighth Amendment, the Court includes it here under the liberal pleading standard since it references his plea and provides insight into Petitioner's assertions.

sentences he was facing, and the constitutional rights he was giving up, and determined that Petitioner's pleas were entered into knowingly and voluntarily. (Doc. 19-2 at 17–19; Doc. 19-3 at 78–80). The Supreme Court has "emphasized that 'the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Tovar Mendoza*, 620 F.3d at 1269 (quoting *Blackedge v. Allison*, 431 U.S. 63, 73–74 (1977)). While Petitioners statements in his Petition and Declarations raise questions about his current mental state, they do not undermine the findings that, at the time he entered his no contest pleas, he did so knowingly and voluntarily. As such, the Court recommends finding that Petitioner's plea is not invalid on this basis.

### 2. Sufficiency of the Evidence

Petitioner's second due process claim attacks the sufficiency of the evidence to enter a conviction against him. The Due Process Clause guarantees that a person may only be convicted of a crime if there is sufficient proof to support the conviction. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). Sufficient proof is the evidence that is necessary to convince any rational trier of fact beyond a reasonable doubt of the existence of every element of the offense. *Williams v. Illinois*, 132 S. Ct. 2221, 2238 n.8 (2012) (citing *Jackson*, 443 U.S. at 316). The Court, however, need not address whether there was sufficient evidence to establish every element of the offense, because Petitioner forfeited his ability to raise this challenge when he pled no contest. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Although *Tollett* involved a guilty plea whereas this case involves a no contest plea, the distinction is immaterial since a no contest plea "is tantamount to an admission of guilt for the purposes of the case," *Lott v. United States*, 367 U.S. 421, 426

sentences he was facing, and the constitutional rights he was giving up, and determined that Petitioner's pleas were entered into knowingly and voluntarily. (Doc. 19-2 at 17–19; Doc. 19-3 at 78–80). The Supreme Court has "emphasized that 'the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Tovar Mendoza*, 620 F.3d at 1269 (quoting *Blackedge v. Allison*, 431 U.S. 63, 73–74 (1977)). While Petitioners statements in his Petition and Declarations raise questions about his current mental state, they do not undermine the findings that, at the time he entered his no contest pleas, he did so knowingly and voluntarily. As such, the Court recommends finding that Petitioner's plea is not invalid on this basis.

### 2. Sufficiency of the Evidence

Petitioner's second due process claim attacks the sufficiency of the evidence to enter a conviction against him. The Due Process Clause guarantees that a person may only be convicted of a crime if there is sufficient proof to support the conviction. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). Sufficient proof is the evidence that is necessary to convince any rational trier of fact beyond a reasonable doubt of the existence of every element of the offense. *Williams v. Illinois*, 132 S. Ct. 2221, 2238 n.8 (2012) (citing *Jackson*, 443 U.S. at 316). The Court, however, need not address whether there was sufficient evidence to establish every element of the offense, because Petitioner forfeited his ability to raise this challenge when he pled no contest. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Although *Tollett* involved a guilty plea whereas this case involves a no contest plea, the distinction is immaterial since a no contest plea "is tantamount to an admission of guilt for the purposes of the case," *Lott v. United States*, 367 U.S. 421, 426

(1961) (internal quotation marks omitted), and, therefore, constitutes "an admission of every essential element of the offense well-pleaded in the charge . . .," *Hicks v. Oliver*, 523 F. Supp. 64, 68 (D. Kan. June 5, 1981) (citing *Lott*, 367 U.S. 421). Here, the court that accepted Petitioner's no contest pleas found that there was a factual basis for believing Petitioner committed the crimes charged, that Petitioner understood the charges against him, that the pleas were entered voluntarily, and that it was reasonable for Petitioner to plead no contest under the circumstances. (Doc. 13-1 at 7–8, 30–31). In light of the above, Petitioner cannot now assert that there was an insufficient amount of evidence for a judgment to be entered against him. *See, e.g., Tucker v. Murphy*, No. 11-8086, 456 Fed. Appx. 756, 761 (10th Cir. Jan. 12, 2012) (unpublished) (affirming dismissal of insufficient evidence claim as forfeited by guilty plea). Accordingly, the Court recommends finding the Petitioner is not entitled to habeas relief on the basis that there was an insufficient amount of evidence to prove the charges against him. Petitioner's due process claims should therefore be dismissed with prejudice.

  **C.**   **Ineffective Assistance of Counsel**

  To establish ineffective assistance of counsel, a petitioner must satisfy a two-part test. First, the petitioner must show that counsel's performance was deficient because it fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). In applying the first prong, a court gives considerable deference to an attorney's strategic decisions and the attorney "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). Under the second prong, the petitioner must show that counsel's

deficient performance prejudiced him by demonstrating that the result of the proceeding would have been different but for counsel's errors.  *Id.* at 687, 694.   In the context of entering a plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have insisted on going to trial." *United States v. Hamilton,* 510 F.3d 1209, 1216 (10th Cir. 2007).   To demonstrate that counsel was ineffective, both prongs outlined in Strickland must be satisfied.   *See Strickland*, 466 U.S. at 687.[5]

Petitioner asserts (1) that his attorneys' performances were deficient because they refused to file motions that Petitioner requested them to file, (Doc. 1 at 8, 26–27), and (2) counsel at the plea hearing let Petitioner plead no contest "to crimes he knew [Petitioner] did not commit . . . ." (*Id.* at 8).

Regarding the aggravated battery claim, Petitioner asserts that counsel should have filed a motion to have the charges reduced to a misdemeanor battery. (*Id.*). Petitioner argues that counsel should have filed such a motion because "[t]here was not even a scratch or mark on the alleged victim" that would justify charging him with aggravated battery against a household member on the basis of great bodily harm. (Doc. 1 at 5, 8). Petitioner concedes that "[he] did commit a misdemeanor assault on [his] mom [because] she was mentally torturing [him] doing some social vampire stuff," (Doc. 3 at

---

[5] When an ineffective assistance of counsel claim that has been decided on the merits by the state court is raised in a federal habeas petition, the court's review is "doubly deferential."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).   The court must be deferential to both the state court's determination that counsel's performance was not deficient and to the attorney's decision in how to represent the client.   *See Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009).   In applying this standard, the question is whether the state court's determination was unreasonable, not simply incorrect.   *Knowles*, 556 U.S. at 123.   Although a New Mexico court addressed Petitioner's counsels' performance in a state habeas petition, Respondent's neither raise nor apply the "doubly deferential" standard. Because Petitioner cannot establish ineffective assistance in the first instance, the distinction is not relevant.

18), and admits that he "grabbed her," (Doc. 18 at 3), but he argues that it did not arise to the level of aggravated battery.

New Mexico courts that have interpreted the provision under which Petitioner was charged have stated that "aggravated battery 'requires only that great bodily harm *could* result, not that it must result.'" *State v. Young*, No. 32,798, 2013 WL 6146076, at *2 (N.M. Ct. App. Oct. 3, 2013) (emphasis in original) (quoting *State v. Pettigrew*, 860 P.2d 777, 781 (N.M. Ct. App. Aug. 3, 1993)). The criminal complaint reflects that Petitioner "placed both of his hands around [his mother's] throat" so that "she couldn't breathe." (Doc. 19-1 at 8). As a recent New Mexico Court has noted, "[i]t is well within the realm of common knowledge and experience of an average person that choking a person with sufficient force can, and sometimes does, cause great bodily harm." *State v. Williams*, No. 31,773, 2014 WL 1999007, at *6 (N.M. Ct. App. Mar. 20, 2014). Given that choking someone clearly could result in grave bodily harm or death, Petitioner's counsel's failure to file a motion seeking to reduce the battery charges on the grounds that there was not a mark on the victim did not fall below an objective standard of reasonableness. *See United States v. Drayton*, No. 13-3148, 541 Fed. Appx. 858, 860 (10th Cir. Oct. 9, 2013) (unpublished) (concluding counsel was not ineffective for failing to file a motion to suppress evidence where case law at the time did not support the asserted basis for suppressing the evidence).

Regarding the attempt to traffic charge, Petitioner asserts that counsel should have filed a motion to have the charges dismissed because agents investigating the case gave conflicting testimony about whether they found muriatic acid. (Doc. 1 at 26–27). The Court will assume for the moment that the presence or absence of muriatic acid is

material to the charge of attempting to commit trafficking by manufacturing methamphetamine. Petitioner's contention is nevertheless completely devoid of merit since Petitioner himself filed handwritten motions in state court establishing (1) the agents gave conflicting testimony over the *amount* of muriatic acid found (32 ounces versus one gallon), not its complete presence or absence, (Doc. 19-1 at 74–75), and (2) Petitioner himself resolved the dispute when he filed a "Motion to Return Property Seized on 6-24-08" that listed as the first item: one gallon of hydrochloric acid, which is also known as muriatic acid, (Doc. 19-1 at 73).[6] Given Petitioner's effective concession about the presence of muriatic acid and resolution of the conflicting testimony, counsel's failure to file a motion to dismiss on this ground before Petitioner entered his plea was not objectively unreasonable. *See Drayton*, 541 Fed. Appx. at 860.

Finally, Petitioner's contention that counsel at the plea hearing knew he was not guilty is wholly conclusory because he does not set forth any factual basis establishing counsel's purported knowledge of his innocence and there is nothing in the record to support the conclusion that counsel knew him to be innocent. Thus, the Court recommends finding that none of the asserted bases on which Petitioner asserts he was afforded ineffective assistance of counsel have merit.   Accordingly, the Court recommends dismissing all of Petitioner's claims of ineffective assistance of counsel with prejudice.

---

[6] Specifically, the Motion listed "1 g Hcl." (Doc. 19-1 at   73).   HCl is the chemical formula for hydrochloric acid. *Hydrochloric Acid Definition*, OXFORDDICTIONARIES.COM, http://www.oxforddictionaries.com/us/definition/american_english/hydrochloric-acid?q=hydrochloric+acid (last visited Nov. 19, 2015). Hydrocloric acid is also known as muriatic acid. *Muriatic Acid Definition*, OXFORDDICTIONARIES.COM, http://www.oxforddictionaries.com/us/definition/american_english/muriatic-acid?q=muriatic+acid (last visited Nov. 19, 2015).

### D. Cruel and Unusual Punishment

Petitioner's final ground for seeking habeas relief is under the Eighth Amendment. Petitioner appears to assert that the CIA's torturing him, which he earlier asserted caused him to plead no contest, has continued in prison and constitutes cruel and unusual punishment. The Court understands this claim as challenging a condition of his incarceration. As such, the Court must consider the threshold matter of whether Petitioner's Eighth Amendment claim is properly considered under (1) 28 U.S.C. § 2254, (2) 28 U.S.C. § 2241, (3) 42 U.S.C. § 1983, or (4) two or more of the above.[7]

As between § 2254 and § 2241, challenges to custody resulting from a state court proceeding are typically considered under § 2254, but "a state prisoner may bring a habeas action under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). In determining which provision applies, the question is whether the petition challenges the validity of the conviction and sentence, which is considered under § 2254, or challenges the execution of the sentence, which is considered under § 2241. *Id.* (concluding district court should have considered petition under § 2241 and not § 2254 where petitioner was challenging allegedly unconstitutional transfers to prisons in other states).[8] Given that Petitioner's Eighth Amendment claim does not attack the validity of his conviction or sentence, § 2254 is not the appropriate provision under which to consider this claim.

---

[7] This is true even though Respondents did not raise the issue because the Court "has an independent duty to inquire into its jurisdiction over a dispute, even where neither party contests it and the parties are prepared to concede it." *In re American Ready Mix, Inc.*, 14 F.3d 1497, 1499 (10th Cir. 1994).

[8] Whereas a § 2254 petition must be filed in the district in which the petitioner was convicted, a § 2241 petition must be filed in the district where the petitioner is confined. *Montez v. McKinna*, 208 F.3d at 865. A petition filed in an incorrect district must be dismissed for lack of jurisdiction. *Id.* Because Petitioner both is in custody and was convicted in this district, the Court would have jurisdiction to hear the petition under either habeas provision.

Having determined that § 2254 is inapplicable, the next question is whether § 2241, § 1983, or both, apply. Under § 2241, prisoners may challenge the execution of their sentence; under § 1983, they may challenge the conditions of their confinement. The circuits are split over the degree to which these two statutory provisions overlap and whether a specific claim is limited to one provision or the other or may be considered under either. *See Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014) (examining circuit split). The Tenth Circuit, however, generally treats habeas proceedings and civil rights actions as distinct causes of action. The court has explained:

> In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.

*Palma-Salazar v. Davis*, 667 F.3d 1031, 1035 (10th Cir. 2012) (internal citations omitted). With respect to distinguishing § 2241 claims and § 1983 claims, the court in *Palma–Salazar* further explained that a § 2241 claim that "does not challenge the underlying authority of the [state] to hold [petitioner] in custody," is properly characterized as a § 1983 claim and not a habeas claim. *Id.* at 1036 (distinguishing *Montez*, 208 F.3d 862).

Here, Petitioner's Eighth Amendment claim does not challenge the authority of the state to keep him in custody, and instead attempts to raise a claim that, properly construed, challenges a condition of his confinement, i.e., the CIA's torturing him while he's in prison. As such, the Court lacks jurisdiction under 28. U.S.C. § 2241 to consider the claim. *Id.* at 1038 (requiring dismissal without prejudice of condition of confinement claim brought under 28 U.S.C. § 2241 for lack of jurisdiction). Accordingly, the Court recommends dismissing Petitioner's Eighth Amendment claim without prejudice.

### III. Conclusion

The Court finds that Petitioner has not set forth sufficient grounds to demonstrate that he is entitled to federal habeas relief. For the reasons discussed above, the Court **RECOMMENDS** that the Petition be denied, and that:

a. Petitioner's due process and ineffective assistance of counsel claims be dismissed with prejudice;

b. Petitioner's cruel and unusual punishment claim be dismissed without prejudice; and

c. A Certificate of Appealability be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE